McDonald, justice.
We review the referee’s report and recommendation in this disciplinary action brought by The Florida Bar against Martin L. Black, a member of the bar. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution. We suspend Black for sixty days.
Black, contrary to the provisions of rules 3-4.3, 4-1.7(b), 4-1.8(a), and 4-8.4(d), Rules Regulating The Florida Bar, borrowed funds from a client, left the client completely unsecured in the transaction, failed to advise the client of his right to separate representation, promised to pay the client a usurious rate of interest, never informed the client of the illegality of the transaction, and used the client in an effort to obtain a personal loan. Ultimately, the client was repaid and suffered no loss, but, while these transactions were occurring, the client suffered exposure to potential damage. The referee recommended a ninety-one-day suspension and requiring Black to take the ethics part of the bar examination.
The referee, in aggravation, found that Black had a selfish motive, his client was vulnerable, and Black had substantial experience in the law and should have known better. In mitigation the referee noted that Black had no prior disciplinary record, made a timely good faith effort to make restitution or to rectify the consequences of his misconduct, was remorseful, made a full and free disclosure to the bar and cooperated in these proceedings, and had no intent to deprive his client of property or to deceive him. The referee’s factual findings are supported by the record, and we approve them.
Lawyers must be extremely careful in their personal dealings with clients. Lawyers act in a special fiduciary capacity with their clients and must avoid using that relationship for personal gain. This case is one where a lawyer in difficult personal circumstances seized upon a chance for an emergency loan when he was unable to obtain funds elsewhere. He took advantage of an unsophisticated client, and a *1299 clear violation exists. On the other hand, the extensive mitigation as found by the referee militates against a severe punishment.
We conclude that a ninety-one-day suspension is not necessary to protect the public or to punish Black. In lieu thereof, we suspend Martin L. Black from the practice of law for sixty days. The sixty-day suspension will begin thirty days from the date this opinion is filed, thereby giving Black time to close out his practice according to the Rules Regulating The Florida Bar and protect his clients’ interests. He shall accept no new business from the date this opinion is filed. Following the suspension, Black will be on probation for two years during which time his files are subject to inspection at any time by The Florida Bar. As a further condition of probation, he must take and successfully pass the ethics portion of The Florida Bar Examination within that two-year period. Judgment for costs in the amount of $2,027.53 is entered for The Florida Bar against Martin L. Black, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.